UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOBBY FELICIE,

                Plaintiff,

-against-

OCTAVIA HILL, ASSISTANT INSPECTOR GENERAL OF DOI; DETECTIVE WHITE; JUDGE DORIS GONZALEZ; JUDGE JOSEPH CAPELLA; GLADYS MALDONADO, CHIEF CLERK OF BRONX COUNTY; GLADYS AQUINO; CHELSEA JOHN; LETITIA JAMES; STEVEN BANKS,

                Defendant.

24-CV-7447 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983 and other federal statutes, alleging that Defendants violated his federally protected rights. By order dated October 4, 2024, ECF No. 5, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed.*

*Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits –- to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.  *Id*. at 678-79.  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.  *Id.* at 679

## BACKGROUND

In this complaint, Plaintiff names the following Defendants: (1) Octavia Hill, Assistant Inspector General of the Department of Investigation ("DOI"); (2) Detective White; (3) Judge Doris Gonzalez; (4) Judge Joseph Capella; (5) Gladys Maldonado, Chief Clerk of Bronx County; (6) Gladys Aquino; (7) New York State Division of Human Rights ("NYSDHR") Regional Director Chelsea John; (8) New York State Attorney General Letitia James; and (9) Steven Banks, the former Commissioner of the New York City Human Resources Administration ("HRA").  The following facts are drawn from the complaint.

Plaintiff alleges that since January 2021, Defendants[1] have

> Unlawfully intercepted and disclosed [his] communications, accessed and altered [his] computer systems and accounts without authorization, and improperly handled and disclosed Plaintiff's personal and health information, violating the Electronic Communications Privacy Act, Computer Fraud and Abuse Act, Federal Privacy Act, and HIPAA. Additionally, Defendants, acting under the color of state law, have deprived Plaintiff of constitutional rights under the Fourth and First Amendments and discriminated against Plaintiff based on disability, in violation of 42 U.S.C. 1983 and the Americans with Disabilities Act.

(ECF 1 ¶ III.)

Plaintiff further asserts that: (1) from June 2023 through June 18, 2024, DOI Assistant Inspector General Hill "failed to follow up on" his complaints; (2) since 2017, Detective White has played some role in Plaintiff experiencing "aggravated harassment related to [his] landlord at St. Mary's Bishop Supporting Housing"; (3) the state court judges and court clerks named in the complaint "fabricated information," forged subpoenas, allowed his "personal information" and medical records to be entered "on NYSCEF without" his consent, and committed other misconduct; and (4) that Defendants John, James, and Banks, "following my HRA complaint, provided altered and modified documents without my consent." (*Id.*)

Plaintiff asserts claims under 42 U.S.C. § 1983; the Fair Housing Act, 42 U.S.C. § 3602; the Americans With Disabilities Act, 42 U.S.C. § 12101; the Health Insurance Portability and Accountability Act ("HIPAA"), the Privacy Act, 5 U.S.C. § 5229; the Computer Fraud and Abuse Act ("CFAA"), and the Electronic Communications Privacy Act ("ECPA").

Attached to the complaint are documents relating to actions Plaintiff filed in New York State Supreme Court, Bronx County, and a document from HRA. (*Id.* at 9-22.)

---

[1] Plaintiff's handwriting is difficult to read. The Court quotes the complaint verbatim, to the best of its ability. All spelling, grammar, and punctuation appear as in the complaint unless otherwise indicated.

3

Plaintiff also filed an unsigned order to show cause seeking to enjoin Defendants from "recording and eavesdropping into [his] home devices"; "disclosing" Plaintiff's "personal medical data or material information and background records"; "accessing and modifying" Plaintiff's accounts "related to Health Systems, Hospitals, Courts' Con Edison, Google, HRA, Verizon, MAS, or any other related accounts"; "spreading false information to other government agencies without proof"; and "[i]nterfering with close groups of members near [P]laintiff through their devices or social media." (ECF 3.)  By order dated December 8, 2024, Chief Judge Swain denied Plaintiff immediate injunctive relief. (ECF 4.)

On the same day that Plaintiff filed this complaint, he filed another one naming, among other Defendants, Chelsea John, Letitia James, and Bronx County Supreme Court Clerk Latasha Brown.  *See Felicie v. Hill*, ECF 1:24-CV-7446, 1 (S.D.N.Y. filed Sept. 30, 2024).  That complaint contains some of the same allegations set forth in this one, arising from several state-court matters.  By order dated May 19, 2025, the Court dismissed that complaint with leave to replead within 30 days.  (ECF 6.)

## DISCUSSION

A.  **The Named Defendants**

   1.  **Judicial Defendants (Gonzalez, Capella, Maldonado, and Aquino); New York State Attorney General Letitia James, and NYSDHR Regional Director Chelsea John**

In the order issued in *Felicie I*, No. 24-CV-7446, ECF 6, the Court dismissed on immunity grounds Plaintiff's claims against New York State court judges and clerks, New York State Attorney General Letitia James, and NYSDHR Regional Director Chelsea John.  The Court dismisses Plaintiff's claims against these Defendants in this matter for the same reasons it

dismissed his claims against those Defendants in *Felicie I*. The Court refers Plaintiff to the *Felicie I* order for a detailed explanation of the reasons underlying those dismissals.

    **2.    Octavia Hill, Assistant Inspector General of the DOI.**

Plaintiff alleges that Hill failed "to follow up on" his complaints. There is, however, generally no federal constitutional duty requiring a government official to investigate or protect an individual from harm. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Gong v. Sarnoff*, No. 23-CV-0343 (LJL), 2024 WL 3638335, at *7 (S.D.N.Y. Aug. 1, 2024) ("It is settled that the State has no general Due Process obligation to ensure the safety, care, and protection of individuals who are not in its custody. Also, [i]t is well established that [t]here is no constitutional right to an investigation by government officials." (internal quotation marks and citations omitted, alterations in original)); *see also Baltas v. Jones*, No. 3:21-CV-0469, 2021 WL 6125643, at *14 (D. Conn. Dec. 27, 2021) (The plaintiff "has no 'constitutional right to an investigation of any kind by government officials.'" (citation omitted)); *Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021) ("[T]here is no constitutional right to an adequate investigation. . . . Accordingly, a failure to investigate is not independently cognizable as a stand-alone claim under Section 1983." (internal quotation marks and citation omitted)).

There are two recognized exceptions to this general rule: (1) "when [a government official] takes a person into [the government official's] custody and holds [her] there against [her] will, the Constitution imposes upon [the government official] a corresponding duty to assume some responsibility for [her] safety and general well-being," *DeShaney*, 489 U.S. at 199-200; and (2) when a state actor affirmatively creates or increases a danger to the plaintiff, *see, e.g., Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008). If one of these exceptions is met, the plaintiff must also show that the government official's "behavior was 'so egregious,

so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (citation omitted).

Here, Plaintiff does not allege any facts showing that Hill owed him a duty to assume responsibility for his well-being, or affirmatively created or increased a danger to him. In short, Plaintiff's allegations do not suggest that Hill or the DOI violated his constitutional rights, and his allegations therefore fail to state a claim under Section 1983.

### 3. Detective White and former HRA Commissioner Steven Banks

A plaintiff proceeding under Section 1983 must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Because Plaintiff does not allege any facts showing how Defendants White or Banks were personally involved in violating his constitutional rights, his complaint does not state valid Section 1983 claims against these Defendants.

B.  **Plaintiff's claims**

1.  **Claims arising from state-court matters**

The *Younger* abstention doctrine cautions the Court against enjoining or otherwise interfering in ongoing state-court matters. *See Sprint Comms., Inc. v. Jacobs*, 571 U.S 69, 77-78 (2013) (defining "*Younger's* scope"); *see generally Younger v. Harris*, 401 U.S. 37, 43-45 (1971). *Younger* abstention is appropriate in three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint*, 571 U.S. at 72-73.

The Court refers Plaintiff to the order it issued in *Felicie I*, No. 24-CV-7446, ECF 6, for a detailed discussion of the *Younger* abstention doctrine and why this Court must refrain from intervening in his ongoing state-court matters. Any claims that Plaintiff asserts in which the relief or remedy would be this Court's intervention or oversight of a state-court matter are dismissed.

2.  **The statutes invoked in this complaint**

Plaintiff invokes 42 U.S.C. § 1983; the Fair Housing Act ("FHA"), 42 U.S.C. § 3602; the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101; the Health Insurance Portability and Accountability Act ("HIPAA"), the Privacy Act, 5 U.S.C. § 522; the Computer Fraud and Abuse Act ("CFAA"), and the Electronic Communications Privacy Act ("ECPA"), without providing facts in support of his claims that these statutes were violated. . He does not allege that: (1) any Defendant violated his constitutional rights; (2) he is disabled *and* that a Defendant discriminated against him based on that disability in a housing or other matter; or (3) any Defendant violated his rights under a provision of either the CFAA or the ECPA. Moreover, the Privacy Act authorizes suit against federal agencies, not state agencies. *See* 5 U.S.C.

7

§ 552a(g)(1) (providing that a private individual "may bring a civil action against the agency"). Finally, HIPAA does not provide for a private right of action. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020).

### C.    Motion for Counsel

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, plaintiff's efforts to obtain a lawyer, and plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986).  Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because the Court is dismissing the complaint for failure to state a claim and on immunity grounds and granting Plaintiff leave to replead, the motion for counsel is, at this stage, denied without prejudice.

### D.    Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); Lucente v. Int'l Bus. Machines Corp. 310 F.3d 243, 258 (2d Cir. 2002). . Considering Plaintiff's *pro se* status, the Court grants him leave to file an amended complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), with 30 days' leave to replead.  The motion for *pro bono* counsel is denied without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: July 11, 2025
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge