UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOBBY FELICIE,

                Plaintiff,

        -against-

OCTAVIA HILL, ET AL.,

                Defendants.

24-CV-7447 (KMW)

ORDER

KIMBA M. WOOD, United States District Judge:

    Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP"), moves to reopen his case.[1] (ECF No. 12.) On July 11, 2025, the Court dismissed the complaint for failure to state a claim on which relief may be granted and on the ground of judicial immunity, governmental attorney immunity, and Eleventh Amendment immunity. The Court granted Plaintiff 30 days' leave to replead his claims in an amended complaint. Plaintiff did not file an amended complaint on time. Instead, Plaintiff sent a letter dated September 22, 2025, seeking an extension of time to file an amended complaint.[2] (ECF No. 12.) The Clerk of Court entered a civil judgment on October 17, 2025, dismissing Plaintiff's case. (ECF No. 11.)

    Although Plaintiff does not explicitly state the legal basis for his motion, it is "well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted). Accordingly, the Court

---

[1] Plaintiff's handwriting is difficult to decipher. The Court noted this in its July 11, 2024 order. (ECF No. 10 at 3, n.1.) To the extent Plaintiff wants the Court to understand the factual and legal basis for his claims, he may wish to handwrite his submissions more neatly if typewriting is not an option for him.

[2] The Court notes that this letter was not received and docketed until October 20, 2025, three days after the Clerk of Court entered a civil judgment in this matter.

construes Plaintiff's request as a motion to reopen his case pursuant to Fed. R. Civ. P. ("Rule") 60(b).

Under Rule 60(b), a court may relieve a party from a final judgment or order for several reasons, namely

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Such a motion "must be made within a reasonable time—and, if made for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order[.]" Fed. R. Civ. P. 60(c).

Regardless of whether they are proceeding *pro se*, all litigants seeking relief pursuant to Rule 60(b) must "present highly convincing evidence, show good cause for the failure to act sooner, and show that no undue hardship [would] be imposed on other parties." *DiDonna v. Maas*, No. 22-CV-05417, 2025 WL 743835, at *1 (S.D.N.Y. Mar. 7, 2025) (Halpern, J.) (quoting *Axar Master Fund, Ltd. v. Bedford*, 806 F. App'x 35, 40 (2d Cir. 2020) (summary order)); *see also Rodriguez-Rivera v. New York City Bd. of Educ.*, No. 05-CV-10897, 2016 WL 3443650, at *2 (S.D.N.Y. May 31, 2016) (finding that *pro se* litigants are not excused from the requirement that they produce "highly convincing evidence" to support a Rule 60(b) motion).

Although the Court acknowledges that Plaintiff's filing is timely, it nonetheless denies Plaintiff's motion, because his request for an extension was required (1) to be accompanied by an amended complaint that provides the highly convincing evidence necessary to justify relief pursuant to Rule 60(b), and (2) to state good cause for failure to act sooner. Plaintiff's letter

simply states that he wishes "to refile an amended complaint with new evidence[.]" (ECF No. 12.) The reason a plaintiff is required to state more about new evidence is because the Court must, at this stage, evaluate whether the new evidence is highly convincing, and whether it could have been discovered earlier with reasonable diligence. Plaintiff does not articulate any other reason to excuse his failure to timely file an amended complaint.

## CONCLUSION

For these reasons, Plaintiff's motion to reopen his case is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 10, 2025
         New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge